William R Murray, J.
The plaintiff has instituted an
action against the named defendants alleging fraudulent, illegal and deceptive practices and acts in the marketing and sale of certain products, pursuant to subdivision 12 of section 63 of the Executive Law and article 22-A of the General Business Law and seeks to enjoin such alleged practices.
Defendant Fey has moved for an order pursuant to CPLR 3024 (subd [b]) and 603 striking from the complaint the allegations contained therein which are included in causes of action asserted against defendants other than defendant Fey and severing from the action the claims made against defendant Fey and for a further order pursuant to CPLR 3211 (subd [a], par 7) dismissing the complaint on the ground of unconstitutionality of said subdivision 12 of section 63 of the Executive Law and sections 349 and 350 of the General Business Law. Defendants Brower and John E. Snyder & Sons, Inc., cross-move and join in the motion of defendant Fey for severance.
A reading of the voluminous papers submitted on these applications compels the conclusion that the defendants’ contentions cannot be sustained. It is found that the attack on the constitutionality of subdivision 12 of section 63 of the Executive Law and sections 349 and 350 of the General Business Law is without merit. Subdivision 12 of section 63 is sufficiently clear and unambiguous and defines the proscribed conduct in language that is able to be understood. Nor is there *989 found to be an unauthorized delegation of legislative authority to the Attorney-General. Unfettered delegation would have to be struck down. Here, the Attorney-General is empowered to enforce the sections under attack within the guidelines stated and no constitutional prohibition is discerned. Other issues raised by defendants have been considered and are found to be without basis. The several motions are denied.